First case of the day, with Judge Lucero vouching in, is United States v. Chatwin and counsel Mr. McMurray, we are prepared to hear your argument. Good morning, may it please the court. My name is Benji McMurray. I'm here on behalf of Joseph Chatwin. The district court below dismissed Mr. Chatwin's pro se petition based on a waiver that the government now concedes did not apply. And in light of this court's decision in Lumole, this really should be an easy case. Now, the government discourages the court from remanding, basically on the argument that it wouldn't really make a difference, because on remand, Mr. Chatwin would lose on the merits. Well, let me stop you for a minute, because I have been struggling with whether the petition for COA was improvidently granted, because you're making a procedural argument, and under our habeas law, you've got to show not only that the procedural decision was wrong, but also that there's a substantive claim there that's also possibly meritorious. And when I look at the petition for COA, there was no attempt made on the second prong. It's only about procedure. Couldn't we just decide this case by saying the COA was improvidently granted, because there was no attempt to show the violation of a constitutional right? Well, I guess I would analyze it a little bit different, because I think... I bet you would. I mean, the issue, I think, the issue to which COA really was focused was whether the court correctly dismissed the petition. And on the merits of that question, I think we definitely briefed the merits of that question, arguing that the dismissal was wrong. So, I mean, to the extent... Which is a procedural argument. In order to prevail on a habeas petition for COA, you've got to show two things, right? You've got to also have a substantive claim that there's a violation of a constitutional right. I guess I just didn't think about that. Which means that this would be the second time I didn't think of a winning argument. You know, I mean, frankly, you know, I wish I had thought of this scope issue before the district court. I think the whole thing would have been a lot cleaner. The fact is, Your Honor, if our briefing was inadequate, it was... I would hope that the court would not rest on those grounds. In part because of an important issue that we do raise, which is this idea of the miscarriage of justice. And the fact that he is actually innocent. We do assert in our opening brief and our COA request that he is actually innocent. Now, if that was inadequately briefed, it was not... I mean, I don't think there really could be any disagreement as to what our position was on the merits. That he wins on the merits. He's actually innocent because he did not plead guilty to a 924C predicate crime of violence. Well, let's turn to that then. Under 18 U.S.C. section 111, there's three separate crimes. Would you agree with that? Yes. Okay. And the third of those, the most grave, can only be committed if he used a dangerous weapon. Correct. And that's sub B. Yes. And our Hathaway decision. That makes it very clear that if you use a dangerous weapon, you're not in A, you're in B. Right. So can't we look at this indictment and tell? Because it specifically states that he used a dangerous weapon, both in count 8 and in, I think, count 9. Can't everybody tell that he pled guilty to an 11 sub B crime? That is certainly what the government would have you conclude. And that would be wrong. Both on the face of the indictment, but more importantly, by the terms of the plea agreement. The indictment does not confine the universe of facts that the defendant pleads guilty to. It's a much broader universe based on allegations, accusations. And it is true that the government in count 8 alleges a violation of 111B. However, in count 9, which is the count he pleaded guilty to, it does not allege a violation of 924C based on 111B. It actually is explicit that the 924C count in count 9 is based on the violation of 111A that's described in count 8. Now, I think that's a typo there. But by its terms, in the indictment, count 9 incorporates only 111A. Now, 111A is a lesser included of 111B. So, again, on the face of the indictment, it is not the case that the indictment alleges 924C based on 111B. Now, more importantly, let's turn to the plea agreement and let's see what the plea agreement says. The plea agreement, the most important part of the plea agreement, is going to be in the statement of elements. This is on page 21 of volume 2. So, the elements of the offenses to which I am pleading guilty are count 9, using or carrying a firearm during a crime of violence. The defendant committed the crime of forcibly assaulting, resisting, opposing, impeding, and interfering with federal officers in the performance of their duties as charged in count 8 of the indictment. Now, that right there is the entirety of the elements that it's incorporating from count 8. Well, then it says, second, the defendant used or carried a firearm. Third, the firearm was used or carried during and in relation to the crime of forcibly assaulting, resisting, opposing, impeding, and interfering with federal officers in the performance of their duty. I mean, isn't that B? No. It's 111B. No, it absolutely is not. Because 111B requires that the firearm be used. 924C, as written right here, can be established by a lesser form of conduct, which is carrying. What about fourth, the defendant brandished the firearm? We've got case law that says if you brandished, you used. The problem here, Your Honor, is that that's an element of 924C. And the record is... It's certainly an element to which he has pleaded guilty. I suppose so. I suppose so. I think, though, that there... So it could be read that way. But I would argue that what we have here is ambiguity. And it is well settled that ambiguity in the plea agreement has to be construed against the government. And as this is written, I think that this is intended not to incorporate that fourth element as an element of 111B, but that this is very clear that the underlying 924C predicate is 111A. Because that's the totality of the elements that are described here. The Supreme Court, Taylor, of course... Now you've got me confused. I'm sorry. The totality of the elements are 111A, and yet the elements include brandishing a firearm? So 924C is a tricky effect when it comes to listing the elements. Because normally we would have a list of, say, four items, right? Well, when it comes to 924C, the first element is actually another crime, which has its own list of crimes. My point is that when the four elements of 924C are listed here, the first element, which is the commission of another crime, on this line where it says the first element, that line says the totality of what was encompassed by that predicate offense. Well, the third one clearly relates to the predicate offense, because it's talking about forcibly assaulting, resisting, imposing, or interfering with federal officers. Indeed it does. So the first element is commission of a crime. The second element of 924C is using or carrying the firearm. The third element now clarifies that the carrying in the second element occurred during and in relation to the crime that's described in the first element. And again, in this third element, we see again that list of the elements of the predicate offense. So my point here is simply that when the plea agreement describes the elements of 924C, which include the elements of a predicate offense, the plea agreement, I argue, is clear that the underlying offense contemplated was 111A. Mr. McMurray, let me ask you something on a different line, which is you began by saying that you wish that you would have brought the scope up in the district court, meaning conviction versus sentence. You have Lou Moley that comes down the pike afterward, which is a strong case for you. But because it wasn't raised in district court, it makes sense to me that we're here on plain error. Just assume that for now, and then you can contest it later. If we're here on plain error, Lou Moley is good for you on prong one, and that's kind of it. It doesn't get you over the plain portion of plain error because we're on collateral review. It would on direct review, but what is it that you're going to use to satisfy that second prong of plain error? That's an interesting distinction. I guess I hadn't thought that the standard would be different on plain error. And again, I would have thought that the standard would be the same. Well, if it's not, and of course Rollins v. Kentucky says you can rely on later decided cases if you're on direct review, but assume that the rule is different on collateral review, that you don't get the benefit of post-district court ruling from our court. That's game over, is it not? Well, I would argue that the error here was still plain because the scope of the waiver is very explicit. Well, do you think that Lou Moley had to come along and make it plain? In other words, Lou Moley was unknown until it was decided. The rule had not been established until Lou Moley, which then made it plain for future cases. Well, and perhaps this is the reason why I start with asking the court to review de novo, is because the standard hasn't changed. Lou Moley didn't change the standard. Lou Moley applied the existing standard to a particular set of facts. And under the standard, it goes back to Hahn, the court has to say, well, what's the scope of the plea agreement? And it is clear from looking at it that the waiver here on its face does not apply to this conduct. Well, I think you can make a pretty good argument that Lou Moley is different than the language of the habeas statute itself, which refers, uses one-term sentencing to deal with both conviction and sentence. I mean, I'm not sure. I think you might find a different circuit reaching a different conclusion than Lou Moley. Then I'm so happy to be here, Your Honor. Do you want to reserve the rest of your time? Yes, thank you, Your Honor. May it please the Court, Nathan Jack for the United States. Mr. Chatwin's claim fails the third prong of plainer review. What about the second one? Why aren't you starting there? I think that does raise an interesting question. I think, you know, that is one that we didn't fully brief because we feel like it's so strong on the third prong that we don't necessarily need to consider. The third prong is messy. That's a walk through the swamp. The second prong is clean as clean gets. But what would make it plain? That is a good question. Typically, you know, it's settled at the time of the appeal, but that does apply to direct appeal and not necessarily to collateral review. And so this Court could easily say that it fails second prong as well because it wasn't obvious. That rule doesn't apply to habeas in 2255 motions. And I think there are lots of ways that this Court could affirm. So second prong, third prong, again, the record of conviction is clear here where the predicate offense is 111B, which everyone acknowledges is a valid crime of violence under the element clause. Well, so apparently you do want to walk through the swamp. So let's go. If you look at count eight of the indictment, it appears to me that whoever drafted this did not understand that there's three separate crimes in section 111 and that B is not simply an enhanced penalty but, in fact, stands alone as a separate crime. Would you agree that's a fair reading? I don't know if I'd agree that's fair. This Court has said that that exact language alleges a 111B offense. And so that is case law that this Court has said that the language of a violation of 111A punishable as 111B is a 111B offense. And what case are you referring to? That case is Kelly that we cite in our brief that the district court cited in its memorandum. And, again, Mr. Chatwin made this lesser included 111A offense to the district court. He presented that in his motion to amend. And this Court still determined that 111B is the predicate offense. That's page 230, footnote 48 of the record. But then they dismissed eight, right? So the only thing that we have a guilty plea to is count nine. And if you read that carefully, it's the performance of the official duties in violation of 18 U.S.C. section 111A as alleged in count nine. It says nothing about as punishable in B. Right. So Mr. Chatwin's approach would, his interpretation would completely eliminate the language as alleged in count eight. His argument is that the reference to count eight only incorporates the expressed language that's already included in count nine. So there's no reason to have as alleged in count eight in that. So that completely reads language out. I don't understand that because the language of 111A1 is in count eight. That may not be the entire offense that's charged there, but it's in count eight. And so it would have been very simple to draft count nine so that there's not any confusion here. Right? It could have been drafted differently. Okay. But it could have been drafted differently, meaning clearly. And so that we're not having this discussion because it wasn't drafted clearly. And because there's even a typo on count nine versus count eight, which it may not have gotten the attention it deserved. That we resolve ambiguities against you. And why is this not an ambiguity? It's not an ambiguity because, again, everyone acknowledges that count eight alleges a 111B offense. And the language as alleged in count eight incorporates that. If we also look at the plea agreement, there's no reference at all to 111A. The plea agreement simply says as alleged in count eight. And so the elements that Mr. Chauhan actually pleaded guilty to does not contain any lesser included offense. If you look at count nine, after you get through the 18 U.S.C. 11A1 as alleged in count nine, it says, and did brandish such firearm all in violation of 18 U.S.C. 924C1A. So it cites statutes specifically, but the glaring omission is 111B. I mean, that's the crime here, right, under the predicate crime. Yeah, so if we look at the plea agreement, the elements, count nine references 924C, the specific statute there. It says, first, the defendant committed the crime of forcibly resisting as charged. Where are you looking? This is page 22 of volume two. As charged in count eight of the indictment. There's no reference to 111A there or a reference to 111B. But everyone agrees that count eight alleges a 111B offense. So if he committed the predicate crime as alleged in count eight, that necessarily is a 111B offense. And again, beyond that, we also have. That would be fine. That would be fine if you didn't have all of this other language in your count nine. If it just said, did carry a firearm during in relation to a crime of violence, namely count eight, da-da-da-da, we're done. But instead, you throw in this, all of this subsection A language, which is part of count A without referencing B. And that segment, that A segment of 111, is, in fact, charged in count eight. And so you're asking, please bring in B, too, because we also say it's alleged in count eight. But what it's referring to directly above that is the A portion of count eight, not B. It's not just the A portion. That's just the base offense. And it's saying he committed the base offense as alleged in count eight. But not only do we have that, we do have the elements of 111B separately listed in count nine. We have that he brandished a firearm while forcibly resisting federal officers. That's a 111B offense. And Congress specifically amended 924C so that the elements can be shared. A statute that gives an enhanced penalty to using a firearm still counts as a crime of violence. And that's exactly what we have here. He brandished a firearm. He pulled out his 9mm Ruger handgun on U.S. Deputy Marshals. That made this both a 111B offense and a 924C offense. And those are the elements that he pleaded guilty to in count nine. All that you're telling me right now is that you could have charged this correctly. I agree. You could charge a crime here that would stick to the wall. No one could peel it off under each of these statutes we've talked about. The question is, did you? And it's not really a response to say, well, we could have. We're dealing with the exact language of this indictment. And it's resolved against you if you didn't do it well. And the exact language lists the elements of a 111B offense. So would you charge this the same way? You think this language is good enough? We'll use it next time? Or would you change it? I think we charge it differently. But I think we can acknowledge that and still see that the express elements of a 111B offense are charged here in count nine alone. And that's enough to show there's not a reasonable probability of a different outcome. We can also look to the stipulation of facts that Mr. Chatwin pleaded guilty to on page 25 of volume two. I turned and pulled out a 9mm Ruger handgun, which was observed by Deputy U.S. Marshals. Again, that's a 111B offense. Got to charge it. I agree. He said that. And we did. Even standing alone in count nine, we charged the elements of a 111B offense with Mr. Chatwin using a firearm while forcibly resisting federal officers. Brandishing counts is using. And so even looking at count nine itself, we have the elements of a 111B offense alongside the elements of the 924C offense. Does it matter that count nine was dismissed? Count nine was not dismissed. I'm sorry, count eight. It does not, because again, count nine incorporates count eight, which everyone agrees was on a 111B. But even then, as I said, count nine standing alone without any reference to count eight alleges the elements of a 111B offense. Mr. Chatwin pleaded guilty to the elements of a 111B offense. Because he did so, because the district court has already determined that 111B was the predicate offense, there's no reason to continue litigating this meritless petition. It's not the waiver that's preventing Mr. Chatwin from succeeding on his 2255 claim. It's that his claim lacks merit. 111B is unaffected by Johnson and by Davis. It is a valid predicate offense under the elements clause of 924C. I don't think there's any dispute that if it was properly charged as 111B, everyone agrees, including the defendant or the petitioner, that we have an elements clause violation. So the only question is if it wasn't properly charged and the only place you can fall is in the residual clause, then it fails. And looking at count eight, looking at count nine standing alone, looking at the stipulation of facts, it's clear here that Mr. Chatwin pleaded guilty to a 111B as a predicate offense. I would briefly like to turn to whether this court should, we've been talking a lot about the merits, but there's a question of whether the court should even reach that. There was no argument in Mr. Chatwin's opening brief about whether there was a reasonable probability of success. And typically, this court, for plain error review, permits arguments to be raised in the reply brief. But it typically does so when that's done through mistake, for example, which is more akin to forfeiture than waiver. But here we have in Mr. Chatwin's opening brief, he expressly disavowed any need for this court to consider the merits of his underlying claim, which sounds a lot more like waiver than forfeiture. And so because we don't see this argument on appeal until the reply brief, after having already expressly disavowed any need to consider it, he shouldn't be permitted to resurrect. Well, he argues limole. And the outcome of the proceedings could be seen as the district court's actual ruling, which is, sorry, but you lose on something other than the merits, right? That's not how this court interprets proceeding. Proceeding is the 2255 motion, the entirety of all the rulings and motions. Why would we not wait for the district court to decide that and then we review it rather than acting as a district court? We're not acting as the district court. We're not necessarily ruling on the merits. We're holding Mr. Chatwin to the plain error standard, which requires showing a reasonable probability of a different outcome. And he did not do that until his reply brief. He expressly disavowed any need to do that in his opening brief. Well, and if he were right, then every procedural error would automatically result in relief. And that's not what the Supreme Court has said or our case law. That's exactly right. We should not immunize procedural errors in this way. Rule 52B strikes a very delicate balance, which requires showing a reasonable probability of a different outcome. And because he disavowed any need to do that in his opening brief, this court should hold him to his burden of proof and does not even need to consider the claim that he raises in a reply brief. Wasn't the same problem in the petition for COA itself, is that it's a procedural argument with no argument towards a substantive constitutional violation? Yeah, you're correct, Justice McHugh, where the COA does require some type of showing of merit on the underlying petition. And again, you don't need to actually find that it's meritorious, but there's at least an argument to be made there. So whether this court goes with the feeling for the COA and dismisses them probably granted or go on the plain error review, either way, it should affirm for not making that required showing. If this court has no other questions, I ask it to affirm. Thank you. Thank you. I'd like to make three points if I could. First of all, with respect to any discussion of the substance in our opening brief, we do address the substance on page 9 in footnote 2, and it is a very quick statement. It's what, two sentences in a footnote? It is. But I would note that I think part of that quick argument is the reality that the universe of facts related to this argument is quite small. And it is a question of, was this a 111A or a 111B offense? Now, at the end of the day, if the record is not completely right, and those errors lie at the feet of counsel, I think that one important thing for this court to remember is a point that the government has ignored the whole time that was very well preserved, which is this idea of a miscarriage of justice. Our position the entire time has been that Mr. Chapman is innocent of 924C, or rather he is not guilty of 924C because he did not admit a 924C offense but for the residual clause, which the Supreme Court has now held as unconstitutional. Well, typically, you know, an actual innocence claim is a situation where a person is factually innocent. Your client has admitted facts that very clearly support a 111B claim. I don't see this as a factual innocence claim. Well, his, if he admitted, if he admitted a 111A offense, then this conviction is constitutionally defective. Well, he admitted all of the elements necessary to support a 111B. Whether or not there was a defect in the indictment, there's a difference between that he has an opportunity to be reheard and that he's factually innocent, and I don't think this is a factually innocent case. I see my time is up. Could I make my last point very quickly? The plea, the admission to Count 9 in the plea agreement cannot be broader than the charge of Count 9 in the indictment, which clearly is constrained by 111A, not 111B. Thank you. Thank you. Thank you, counsel, for your arguments. The case is submitted. Very helpful. Good to see you in person again.